IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 05-32-3 |
| | : | |
| JOSE ANTONIO SANTIAGO | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                      **January 29, 2021**

      Defendant Jose Antonio Santiago, who is currently serving a 319-month term of incarceration, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Santiago first asserts the coronavirus disease 2019 (COVID-19) pandemic and his health conditions, which he claims place him at an increased risk of harm from the virus, constitute extraordinary and compelling circumstances justifying his release. The Government opposes Santiago's motion because of the seriousness of his offense, his disciplinary record while incarcerated, and the numerous measures the Bureau of Prisons (BOP) has taken to manage his medical conditions and prevent the spread of COVID-19 in its facilities. Upon weighing the relevant factors, the Court will deny Santiago's motion for compassionate release.

**BACKGROUND**

      On September 12, 2008, a jury convicted Santiago of hostage taking and conspiracy in violation of 18 U.S.C. § 1203(a) and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Santiago and his two codefendants conspired to kidnap a young man and hold him for $1 million in ransom. On October 8, 2004, the men broke into the victim's home and kidnapped him at gunpoint. Santiago then forcibly held the man in his outdoor shed for two days. After arranging a ransom exchange with the victim's family, the three men tied up their victim, blindfolded him, and armed themselves with firearms provided by Santiago. When the men realized the victim's family alerted law enforcement, they engaged an FBI SWAT team in a car

chase that ended with a violent shootout. On August 19, 2009, the Court sentenced Santiago to 319 months' imprisonment. He is currently serving his sentence at Federal Medical Center (FMC) Devens in Ayer, Massachusetts. His anticipated release date is July 1, 2028.

Since Santiago's sentencing, much has changed. Due to COVID-19, a novel and highly contagious respiratory virus, the United States (and the world) has confronted a rapidly changing public health crisis that has reached the scale of a global pandemic. The virus commonly causes fever, coughing, and shortness of breath, amongst a wide range of other symptoms. *See Symptoms of Coronavirus,* Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html (last updated December 22, 2020). To date, the virus has infected nearly 25,152,433 people in the United States and resulted in 419,827 deaths. *See United States COVID-19 Cases and Deaths by State*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated Jan. 21, 2021).

Some populations, including the elderly and immunocompromised, are at a higher risk of developing serious complications upon exposure to the virus. The CDC has identified people of any age who have serious underlying medical conditions as those who are also at a higher risk for severe illness. *See People at Increased Risk*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated Jan. 4, 2021). High risk underlying medical conditions include chronic kidney disease, serious heart conditions, severe obesity, sickle cell disease, cancer, and immunocompromised conditions from smoking, bone marrow and organ transplantation, immune deficiencies, or weakening medications. *See id*.

Because COVID-19 is highly contagious and spreads primarily through person-to-person contact, its existence has dramatically affected all realms of life. Federal, state, and local public

health authorities have advised certain precautions be taken to avoid exposure and prevent the spread of the virus. In many states, individuals have been directed to stay at home unless engaging in an essential activity or providing life-sustaining or government services. Nonessential businesses have closed their doors, schools have closed, and people are avoiding gatherings of any kind.

In light of the precautions necessary to prevent the virus' spread, COVID-19 poses a unique challenge to the prison system. *See Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/index.html (last updated Jan. 27, 2021). Nevertheless, in response to the COVID-19 pandemic, the BOP has implemented several protocols to protect the health and safety of the inmates, staff, and general public from the spread of the virus. The BOP's efforts include quarantining new inmates at the facility until they are cleared, screening inmates by health services prior to placement, suspending visits, and significantly decreasing the traffic of individuals entering the facilities. *See BOP Modified Operations*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last updated Nov. 25, 2020).

Santiago is 78 years old and suffers from chronic kidney disease, diabetes, anemia, hypertension, GERD, chronic pancreatitis, and a prostate disorder. On May 19, 2020, Santiago submitted a counseled request for compassionate release to the warden of FMC Devens. *See* Def's Mot. 3, Ex. B, ECF No. 348. On June 1, 2020, Santiago filed the instant motion for compassionate release.[1] *See id.* Santiago argues COVID-19 and his high risk of serious illness or death should he contract COVID-19 presents extraordinary and compelling reasons that support his immediate

---

[1] In the June 1, 2020, motion, Santiago requested the Court defer its ruling until after the required 30-day period after he submitted the request to the warden.

3

release. Santiago further argues the time he has already served in prison accomplishes the goals of sentencing and he is not a danger to the community. The Government opposes Santiago's request and argues regardless of his health problems and the threat of COVID-19, he has not satisfied other elements required to grant compassionate release. *See* Gov't's Resp. to Def.'s Mot. 1, ECF No. 351. Specifically, the Government argues the nature of Santiago's crime and the relevant sentencing factors weigh against his release.

**DISCUSSION**

Although Santiago may present extraordinary and compelling reasons for a sentence reduction and he is not a danger to the community, the relevant sentencing factors weigh against granting his release. The Court will therefore deny his motion for compassionate release.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the Court may modify a term of imprisonment on a defendant's motion after the defendant has exhausted his administrative remedies.[2] In relevant part, § 3582(c)(1)(A) provides that a court

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Congress, however, did not define the term "extraordinary and compelling reasons," except to state that "[r]ehabilitation . . . alone" does not suffice. 28 U.S.C. § 994(t). Rather, Congress delegated

---

[2] A defendant may move for compassionate release after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Santiago submitted a request to the warden of FMC Devens on May 19, 2020, and the warden took no further action on the request. Therefore, Santiago has exhausted his administrative remedies.

the authority to the U.S. Sentencing Commission, who "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id*.

Section 1B1.13 of the Sentencing Guidelines explains that a sentence reduction pursuant to § 3582(c)(1)(A) may be ordered where a court determines:

"[A]fter considering the factors set forth in 18 U.S.C. § 3553(a)," that—

(1) (A) extraordinary and compelling reasons warrant the reduction; . . .

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Application Note 1 to § 1B1.13 enumerates three specific reasons that qualify as "extraordinary and compelling" based on the medical condition, age, or family circumstances of the defendant. U.S.S.G. § 1B1.13 n.1(A)–(C). Application Note 1 further provides a fourth "catch-all" provision, which allows a court to modify a sentence for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D).

In addressing a motion for compassionate release pursuant § 3582(c)(1)(A), a court must therefore consider (1) whether there are extraordinary and compelling reasons for release, (2) the § 3553(a) sentencing factors, (3) dangerousness to the community as defined by § 3142(g), and (4) other policy statements by the Sentencing Commission. *See* U.S.S.G. § 1B1.13. The Government concedes Santiago's health conditions, specifically his progressing kidney disease and diabetes, qualify as extraordinary and compelling reasons for his release. *See* Gov't's Resp. to Def.'s Mot. 14 n.5, ECF No. 351.

The Court begins with the § 3553(a) factors, which provide for the following considerations for granting compassionate release:

> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2)  the need for the sentence imposed—
>
>  (A)  to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense,
>
>  (B)  to afford adequate deterrence to criminal conduct,
>
>  (C)  to protect the public from further crimes of the defendant, and
>
>  (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.

§ 3553(a)(1)–(2). The nature and circumstances of Santiago's offense are serious. The kidnapping scheme endangered the lives of the victim, federal law enforcement agents, and the public. Santiago was significantly older than his codefendants. He provided the firearms. He used his shed to confine the victim while he and his codefendants contacted the family for ransom. He personally guarded the blindfolded and bound victim for two days in the outdoor shed. Finally, he helped orchestrate the getaway and hide evidence to avoid capture. The Court imposed a significant sentence to reflect the seriousness of the crime, promote respect for the law, and to provide just punishment.

Santiago has not yet served a significant portion of his sentence. He has served 195 months, or approximately 62%, of his 319-month sentence. Granting a sentence reduction would severely undermine the statutory purposes of punishment. *See, e.g.*, *United States v. Bogdanoff*, 459 F. Supp. 3d 653, 659 (E.D. Pa. 2020) (noting defendant who had served only seven years of his 18-year sentence had a "much different" case for compassionate release than "others where defendants are at the end of their sentence" (citation omitted)); *United States v. Rodriguez*, 451 F. Supp. 3d 392, 407 (E.D. Pa. 2020) (granting compassionate release to a defendant who had served 17 years

of a 20-year sentence and was one year away from eligibility for home confinement). When the Court sentenced Santiago—a then-62-year-old man suffering from pancreatitis, high blood pressure, and diabetes—to 319 months' imprisonment, it did so precisely because the nature of his crimes, his history and characteristics, and the purposes of punishment warranted such a lengthy sentence. Those same factors weigh against Santiago's release now.

Turning to Santiago's potential dangerousness, the Court finds he does not pose a threat to the community. The Sentencing Commission's policy statement provides for granting a sentence reduction only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The relevant § 3142(g) factors are "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Santiago is now a 78-year-old man with significant medical conditions. He has very limited mobility and difficulty walking without assistance. Although he has a record of disciplinary infractions while incarcerated, none include violent conduct. Based on these factors, the Court finds Santiago is not a danger to the community. *See, e.g.*, *Rodriguez*, 451 F. Supp. 3d at 406 (finding no danger to others or the community in part because movant had no violent infractions on his prison record and a sufficient period of time had elapsed since his prior drug dealing and firearm convictions).

In conclusion, the Court finds, despite Santiago's higher risk health conditions and lack of dangerousness, compassionate release is inappropriate due to the § 3553(a) factors. *See, e.g.*, *United States v. Zubiate*, No. 18-442, 2020 WL 3127881, at *3 (S.D.N.Y. June 12, 2020) (denying

relief because release after only 26.5 months of 102-month sentence "would substantially undermine the § 3553(a) factors," despite defendant's high risk factors); *United States v. Oliver*, No. 17-20489, 2020 WL 2768852, at *7 (E.D. Mich. May 28, 2020) (denying relief because "reducing [the] sentence of a defendant with obesity to time served when he has served only three months of a ten-year sentence would lead to unwarranted sentencing disparities and improperly minimize the serious nature of his drug-trafficking offense"); *United States v. Hamman*, No. 16-185, 2020 WL 3047371, at *5 (D. Or. June 8, 2020) (denying compassionate release despite significant medical issues because the defendant had a serious criminal history, there was a lack of COVID-19 cases at his institution, and he had served only 50% of his sentence). Therefore, the motion for compassionate release will be denied.

**CONCLUSION**

The Court will deny Santiago's motion for compassionate release because the § 3553(a) sentencing factors weigh against reducing his original 319-month sentence to 195 months of time served.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez  
Juan R. Sánchez, C.J.